## Richmond

LOUIS C. BARLEY, ALEXANDER HAMILTON, C. B. MELVIN
AND MARY MELVIN, W. F. HAMILTON AND THE GREAT
VALLEY ANTHRACITE COAL CORPORATION V.
PULASKI ANTHRACITE COAL COMPANY, INC.

January 15, 1931.

Present, Prentis, C. J., and Campbell, Hudgins, Gregory and Browning, JJ.

John B. Spiers and H. C. Tyler, for the appellants.

Roop & Sowder, Jordan & Dalton and W. J. Henson, for the appellee.

BROWNING, J., delivered the opinion of the court.

This case is before this court on an appeal from a decree of the Circuit Court of Pulaski county, Virginia, entered on the 21st day of February, 1929, in which the Pulaski Anthracite Coal Company, Incorporated, was complainant, and the petitioners were defendants.

The complainant filed its bill in said court on the 21st day of February, 1927, to which the defendants demurred, and at the same time filed their several answers, and thereafter the complainant filed its amended bill, by leave of court, which amended bill was only for the purpose of making an additional defendant a party to the suit. Thereafter the demurrer, which was predicated on the ground that the bill did not present a case for equitable relief was overruled. The depositions of witnesses were then taken and a great number of exhibits, consisting of deeds and plats and memoranda, together making a voluminous record.

The bill alleged that the complainant, through a succession

of deeds had taken title to the coal under a tract of land of 258 acres, the first title paper being a contract of sale by which one George W. H. Sifford sold to John L. Hurt his interest in certain coal lands in Pulaski county, Virginia, and further alleging that the defendants, other than the defendant, Louis C. Barley, who were the owners of the fee in several small tracts of land, which were included in the tract of 258 acres above referred to, had executed to the defendant, Louis C. Barley, certain agreements to sell and convey unto him all the coal in, on and under the several small tracts of land, which was in derogation of the rights of the complainant, and, the said agreements having been recorded in the deed books in the Clerk's Office of the Circuit Court of Pulaski county, Virginia, constituted a cloud upon the title of the complainant in and to the said coal and mining interests in the said small tracts or lots of land, and further that the said defendants claimed that the complainant possessed no mining rights or interests in the coal underlying the several tracts of land, although each of the said small tracts lay within the title papers of the plaintiff, and were embraced in the 258 acre tract above referred to, and that an actual controversy existed between the complainants and said defendants as to the ownership of the coal and mining rights of each of said small tracts of land, and prayed the court to remove the cloud from complainant's title, and also to render a declaratory judgment under the powers conferred by section 6140-a of the Code of Virginia, in favor of the complainant as to its ownership and title to all coal mining rights and privileges in the said small tracts of land, and that the court would construe the decrees and deeds under which the claimants claimed title to the said coal property and adjudicate the right in favor of complainant to the said coal in the said tracts of land conveyed by the said option agreement, etc.

The initial title paper in this case is the above referred to contract of sale, sometimes called a receipt, which is as follows:

"Received January 31, 1883, of John L. Hurt, $10.00 in part payment of my interest in the coal land on Brush or Little Walker's mountain in Pulaski county, Virginia, owned by my brother, John Sifford, and myself, and for which I am to be paid two thousand dollars cash as soon as deed with special warranty can be executed. The said Hurt is to have the privilege of erecting necessary houses for miners and the necessary timber for miner's purposes, said Sifford also reserves the right to get necessary coal for the use of himself for fuel in his dwelling. Said Sifford also to convey to said Hurt one acre of ground on New River Railroad Tract 100 feet wide, running parallel with the bank on the west side of the tract."

(Signed)  "GEORGE W. H. SIFFORD."

(Endorsed on back, "make title to John L. Hurt and J. Hoge Tyler.")

The complainant, the Pulaski Anthracite Coal Company, Incorporated, is the successor in title to John L. Hurt and J. Hoge Tyler under the terms of the above agreement or contract.

This opinion need not be prolonged by an unnecessary detail of the intermediate deeds.

The record shows that prior to October, 1886, and subsequent to the date of the said agreement a suit was instituted for partition of the lands of the said George W. H. Sifford, and the heirs of his brother, John Sifford, in which commissioners were appointed to partition the said lands among those entitled thereto, and the report was recorded on June 3, 1901. Thereafter another suit was instituted

for partition of the lands of George W. H. Sifford, among his heirs. The original papers in both of these suits were lost.

The said John L. Hurt and J. Hoge Tyler intervened in the second partition suit for the purpose of perfecting their title to the coal under the terms of the above agreement or contract. The commissioners in the first suit allotted to George W. H. Sifford a tract of 258 acres along with other lands.

In the second partition suit the court decreed that the said Tyler and Hurt, under the aforesaid contract, were entitled to a conveyance of the property and their rights thereunder, and a special commissioner was appointed for that purpose who was directed to convey to them with special warranty, in the following words, "all the right, title and interest of which said George W. H. Sifford *died seized* and *possessed* to the coal on the lands of said Sifford lying in Pulaski county on the *south side* of *Little Walker's mountain*," and certain other rights consisting of tramways, wagon roads and the right to build houses for miners to live in, etc., and also to convey one acre of land in fee, as set forth in the said contract and in the report of partition. The said special commissioner did execute the said deed as directed by the court. (Italics supplied.)

The several small tracts of land of the defendants which are involved herein are shown on the map filed as Exhibit One, and are No. 1, Alexander Hamilton 12.59 acres; No. 2, C. B. and Mary Melvin, 12.81 acres; No. 5, two acres, Great Valley Anthracite Coal Corporation; No. 7, 14.61 acres Great Valley Anthracite Coal Corporation; No. 8, 5.4 acres Great Valley Anthracite Coal Corporation; No. 9, 1.34 acres Great Valley Anthracite Coal Corporation.

The four last mentioned tracts were purchased by the Great Valley Anthracite Coal Corporation from certain individuals who were defendants in the original bill, which

purchase occasioned the necessity of the amended bill of the plaintiff.

Tracts Nos. 1 and 2 border on the waters of New river, and the four remaining tracts border on the waters of Back creek, and are referred to in the petition and brief of the defendants as river and creek bottom lands and purely farming lands.

When the contract of January 31, 1883, between George W. H. Sifford and John L. Hurt was made, the said George W. H. Sifford owned jointly with his brother, John Sifford, several tracts of land, one containing 237 acres, sometimes referred to in deeds as the "Home Tract," and a tract of 400 acres of mountain land on Brush or Little Walker's mountain, and the two Siffords owned jointly, with one Michael Brown, a 2,000 acre tract of mountain land. It is admitted that the 258 acre tract is made up of parts of the 237 acre and the 400 acre tracts, and it is further admitted by the parties hereto that the 258 acre tract embraces the aforesaid small tracts of land of the defendants or petitioners.

The issue in the case in judgment is one of fact. The plaintiff in the court below, the appellee here, claims that it, as the successor in title to Hurt and Tyler, is the owner of the coal under both the 237 acre tract and the 400 acre tract of land, and therefore is the owner of the coal under the 258 acre tract, and is therefore the owner of the coal under the six small tracts above enumerated which are admittedly embraced by the 258 acre tract.

The appellee's claim is based upon its interpretation and construction of the language and terms of the Sifford-Hurt contract; the report of the commissioners which allotted the 258 acre tract to George W. H. Sifford; the decree of the court directing the deed to be made to Tyler and Hurt; the deed of the special commissioner pursuant thereto; the evidence of witnesses as to the attitude of the original

parties to the contract and their understanding of its terms, and the admissions of certain of the heirs of the said George W. H. Sifford as to the appellee's rights. The petitioners, appellants here, claim that the coal interests of Tyler and Hurt under the Sifford-Hurt contract are confined to the 400 acre tract of mountain land, jointly owned by George W. H. Sifford and his brother, John Sifford, and this is based on their contention that Tyler and Hurt took no coal interests on land that was not actually mountain land, and that the appellee's claim was negatived by the further fact that two of their tracts of land were river bottom lands and four of them were creek bottom lands, and that the 237 acre tract was referred to and known as the "Home Tract."

The court below, on February 21, 1929, entered its decree sustaining the claims of the complainant, appellee here, which, omitting the formal portion thereof, is as follows:

"On consideration of all of which and the court treating the said bill and petition of the plaintiff as a bill to remove a cloud from the plaintiff's title to the coal and mining rights and privileges of the plaintiff in the lands set forth in said bill, and as a petition under section 6140-a of the Code of Virginia, to construe the contracts, decrees and deeds under which claimants claim title to said coal mining rights and privileges, and declare and adjudicate the plaintiff's rights thereto, and it appearing to the court that there is an actual controversy between the plaintiff and all of said defendants as to the ownership of the said coal and mining rights of each of the tracts of land set forth in said bill and petition, and the court being of opinion from the said bill and petitions and exhibits therewith filed, answers of the defendants and depositions of witnesses, that the plaintiff is entitled to the relief prayed for in the said original and amended bill and petition, the court doth therefore adjudge, order, decree and declare that the plain-

tiff is the owner of the right, title and interest that George W. H. Sifford died, seized and possessed, to the coal on the 258 acres of land that was allotted to George W. H. Sifford in the partition suit of *Sifford* v. *Sifford*, under a decree entered in same at October term, 1886, which partition showing the metes and bounds of the said 258 acres of land is recorded in the clerk's office of this court in Deed Book 21, page 12, and following, with the right to enter upon and open said lands at any time and at any points and mine and move said coal; to use the timber from said land sufficient for mining purposes and to make tram-ways for wagon roads upon said land from said coal upon said lands to the railroad of Tyler and Hurt at such point as may be most suitable to meet the wants of the said party of the plaintiff, its successors and assigns, and that they will do the least injury to the land, and with the right to the said plaintiff, its successors and assigns, to build upon said land necessary houses for miners along said veins of coal and all mining rights and privileges decreed to Tyler and Hurt at the March term, 1889, in said cause of *Sifford* v. *Sifford*, which decree is entered in Chancery Order Book No. 3, page 186, and conveyed to said Tyler and Hurt by T. L. Massie, special commissioner, by deed dated October 3, 1899, together with all other rights and privileges that the said Tyler and Hurt had not herein enumerated to the said land and coal thereon, and that the ownership to the said coal and rights and privileges aforesaid extends to the entire tract of 258 acres of land, including so much of the 237 acre home tract as is covered by the 258 acres, as well as so much of the 400 acres called mountain land as is covered by the 258 acres, and which coal, and rights and privileges of the plaintiff is in the lands of the defendants, that are covered by the said 258 acre tract of land.

The court doth further adjudge, order and decree that

the plaintiff recover of the defendants their costs in this behalf expended."

The Sifford-Hurt contract of January 31, 1883, employs this descriptive language: "My interest in the coal lands on Brush or Little Walker's mountain in Pulaski county, Virginia, owned by my brother, John Sifford, and myself."

The report of the commissioners in the partition suit of *Sifford* v. *Sifford,* in obedience to the decree of the court of October, 1886, allotted to George W. H. Sifford a tract of 258 acres, using the following language:

"Of the coal veins passing through the said Brown and Sifford lands, we assign to R. C. Brown 156 poles in length all of which is on the moiety of said land assigned to him, and we assign to said George W. H. Sifford and John Sifford's heirs 194 poles in length the dividing line in said coal veins between said parties being in the low gap hollow on R. C. Brown's portion, at which point Siffords are to have room to open said veins and work them, and the right of way from them to their divisions of said lands, so that they can haul coal off of the Sifford's lands, we assign to George W. H. Sifford one moiety thereof in two parcels one of which contains 258 acres and is bounded as follows": Then follows the description which has for its beginning a point on *the river bank* and a course thence to a point on *Back creek,* other points in the description are "the abutment of New river" and the "still house spring." (Italics supplied.)

The above is set forth and emphasized as strongly tending to prove that the said tract of land was considered coal land and that it embraced land lying along New river and Back creek.

It will be noted here that A. Murrill, an engineer and surveyor, and evidently one of ability and unusual intelligence, who was employed and did locate for the appellee the boundaries of its coal lands, derived through successive conveyances from George W. H. Sifford by virtue of the

Sifford-Hurt contract, testified that his survey and map were based on the above referred to commissioner's report and a map of the said land made by C. J. Charlton, a surveyor, in March 1904, for the appellee, showing its lands, including coal lands, and further testified that he located the corners as called for and checked on the monuments that were then standing, and that the 258 acres as shown on the Charlton map and his map was the tract allotted to George W. H. Sifford.

He was asked: "Q. Does that 258 acre tract which you have mentioned answer the description of lands lying on the south side of Little Walker's mountain?

"Ans. Yes, sir."

The decree of the Pulaski Circuit Court of March 20, 1889, in the case of *H. S. Sifford, et als* v. *F. J. Sifford, et als.*, which was the second partition suit above referred to, and in which Hurt and Tyler intervened, construed the Sifford-Hurt contract in the following language: "The said George W. H. Sifford in his lifetime sold to the said Tyler and Hurt the coal in all the land he owned on the Brush mountain," etc., and in its directions to its special commissioner to make conveyance thereof it further described the coal land to be conveyed to Hurt and Tyler as follows: "All the right, title and interest of which said George W. H. Sifford died seized and possessed to the coal on the lands of said Sifford lying in Pulaski county on the south side of Little Walker's mountain," etc.

Thus it is seen that the court construed the said contract to carry the coal interests of Sifford on the *south side* of Little Walker's mountain and the deed made pursuant thereto contained the same language. It will be borne in mind that the witness, A. Murrill, testified that the 258 acre tract answered to this description. (Italics ours.)

Again G. H. Sifford, also known as Hugh Sifford, conveyed to P. A. McCoy a portion of the land of which

the coal interest is in dispute, by deed dated August 15, 1907, the covenanting portion of which deed contains this recital: "Except that the coal right in said land is reserved for the Pulaski Anthracite Coal Company."

This man was a grandson of George W. H. Sifford, son of Ellen Sifford, his daughter. So that we have his recognition of the rights and claim of the appellee at a time when there was no contention about the matter and when such recognition was opposed to his own interests.

The testimony of the said G. H. Sifford (Hugh Sifford) for the appellant to the effect that Governor Tyler's purchase of coal from George W. H. Sifford was confined to mountain land, exclusive of farming land, is much weakened, if not destroyed, by the said reservation contained in his deed to McCoy.

F. J. Sifford (Bud) was a witness for the appellants. He was a son of George W. H. Sifford and the purpose of his testimony was to prove that the 237 acre tract was farming land and therefore not within the Hurt-Tyler purchase. His lack of knowledge of what he was testifying about is manifest from the fact that he further testified that the 400 acre tract was also farming land. It was admitted by both sides to the controversy that the 400 acre tract was mountain land, indeed this was an important fact in the case of the appellants.

We do not think that it is important in the determination of this case to decide whether the lands in controversy were farming lands or not, nor whether one of the tracts was referred to as the "Home Place."

It is in evidence that considerable farming was done on the sides of the mountains and on what were designated as "benches," and there is no contention that such tillage and use changed the actual character of such lands. There is also evidence, which is quite convincing, that George W. H. Sifford's home was on the side of Little Walker's

mountain and that he lived there at the time of the execution of the said contract. We think that the reservation contained in the contract by which Sifford reserved from its operation sufficient coal for his domestic needs, has an important bearing upon the issues and is of probative force, as it would not have been necessary to incorporate this reservation in his contract if he were not disposing of all the coal that he thought he had.

We are convinced that the appellee took title to the coal on the lands which extended to the river and creek and embraced the coal on the several tracts owned by the appellants, in spite of the fact that portions of said lands are creek and river bottoms. We know of no geological reason why coal should not underlie farming lands and such bottoms.

There were an array of witnesses testifying for both litigants, and the evidence was necessarily conflicting, but our conviction is that the weight of this testimony is with the appellee and in support of the decision of the trial court.

The record evidence leads to the inescapable conclusion that the decree complained of is correct and we so hold.

*Affirmed.*